CAPE GIRARDEAU, Appellant, v. JAMES T. CAMPBELL, Respondent.

St. Louis Court of Appeals, May 3, 1887.

1. MUNICIPAL CORPORATIONS—WHARFAGE TAX—TONNAGE TAX.—A municipal corporation has no power to impose a duty or tonnage tax on vessels landing on the natural bank of a river.

2. ——— A municipal corporation can not charge a wharfage tax against a boat which lands on the natural bank of a river, although the landing be made within the wharf limits established by ordinance.

3.   ———— WHARF DEFINED.—A landing place does not become a wharf
by so designating it in an ordinance, but to become such, it must
be improved for that purpose.

APPEAL from the Madison County Circuit Court,
JAMES D. Fox, Judge.

*Affirmed.*

WALTER D. PENNEY, for the appellant: A munic-
ipal corporation maintaining a wharf may charge and
collect reasonable fees for the use thereof. *Packet Co.
v. St. Louis,* 100 U. S. 423. Owners of shores of navi-
gable rivers have power to control right of embarkation
and landing, even at the terminus of a public road. *Bird
v. Smith,* 34 Am. Dec. 483.

FRANK E. BURROUGH, for the respondent: No city
bordering upon a navigable stream has the power or right
to demand and collect dues or fees for the mere privilege
of landing at the natural shore of the river, in her cor-
porate limits, or "at any place which is not, in a fair
business sense, a wharf." *Tobin v. Vicksburg,* 100 U.
S. (10 Otto) 430 ; *Packet Co. v. St. Louis,* 100 U. S.
(10 Otto) 423 ; *Cannon v. New Orleans,* 20 Wall. 577 ;
*Packet Co. v. Keokuk,* 95 U. S. 80, 85. This court has
affirmed the doctrine and the cases we cite. *City of
St. Louis v. Lumber Co.,* 13 Mo. App. 56.

THOMPSON, J., delivered the opinion of the court.
An action was brought against the defendant in the
recorder's court of the city of Cape Girardeau, upon a
statement containing twenty distinct counts, charging
that the defendant did, on twenty different days named,
wilfully violate the provisions of an ordinance of the
city of Cape Girardeau, entitled "an ordinance defining
the limits of the harbor of the city, establishing the
office of port warden, and defining his duties and lia-
bilities, and making sundry provisions for the regula-

tions of the levee and harbor, approved April 29, 1882, by having in charge, as master, a certain steam water craft or vessel known as the Rosalie Smoot, and receiving and discharging freight at the wharf of the city of Cape Girardeau, and wilfully failing and refusing to pay *wharfage dues*, as required by said ordinance; and demanding judgment for fifty dollars, the penalty prescribed by the ordinance. The plaintiff recovered a judgment in the recorder's court upon all of the counts, and the defendant appealed to the Cape Girardeau court of common pleas. From this court a change of venue was taken by the defendant to the circuit court of Madison county, where a trial before the judge, sitting as a jury, resulted in a verdict and judgment for the defendant. No exceptions were saved to any rulings upon the evidence, nor were any instructions requested by either party, or given by the court. The evidence consisted entirely of extracts from the acts of the legislature which constitute the charter of the city of Cape Girardeau, and from ordinances supposed by counsel to relate to the question under consideration, and of the deposition of the port warden of the city. There was no conflict in the testimony on any point; and the only question for our decision, therefore, is, whether the judgment of the court was the proper legal conclusion from the facts disclosed by the evidence. We are clear that no other judgment could properly have been rendered.

We shall lay out of view all that part of the evidence relating to the power of the city of Cape Girardeau to license ferries, and to the penalty imposed by an ordinance of the city for operating ferries without license; because, although the testimony showed that the steamer, called the Rosalie Smoot, was a small ferry boat, and that, at the times named in the complaint, she was engaged in plying between a point within the general harbor limits of the city of Cape Girardeau, and a point on the Illinois shore of the Mississippi river, yet this action is not brought for any violation of the ordinance

restraining the operation of ferries without license, but it is brought for a violation of another ordinance, requiring the payment of *wharfage dues*, by the owners, masters, etc., of boats receiving and discharging freight at the city wharf. We may, also, lay out of view any question of the power of the city of Cape Girardeau to establish the particular provisions of the ordinance, requiring the payment of wharfage dues, under which this action is prosecuted, and assume, for the purposes of this case, that such a power exists. But the undisputed evidence shows that the harbor limits of the city of Cape Girardeau extend up and down the Mississippi river for a mile and a half, or more; that not more than eight hundred or one thousand feet of the river front, within these limits, is actually improved as a wharf; and that the place where the defendant's boat landed, on the days named in the plaintiff's statement or complaint, was not within the limits of the improved wharf, but that its place of landing at all of these times was at a place where the wharf had never been improved, and where the only facilities offered for landing were such as could be found in the use of the natural bank of the river. The city of Cape Girardeau had no power to compel any boat to avail itself of the use of its improved wharfs, by landing there instead of landing at the natural bank (*Packet Co. v. Keokuk*, 95 U. S. 80, 85), or to require the payment of wharfage dues from any vessel not landing at its improved wharf. An exaction of such dues, for the mere privilege of landing at the natural banks of a stream, although within the harbor limits of the city, is a "duty of tonnage" upon vessels, and is void under the prohibition contained in the constitution of the United States (art. 1, sect. 10). *Cannon v. New Orleans*, 20 Wall. 577; *Packet Co. v. St. Louis*, 100 U. S. 423, 429. Following these and other decisions of the supreme court of the United States upon this question, this court has held, "that the only ground upon which the power of a municipal corporation to exact what

are termed wharfage dues can be upheld is, that the corporation furnishes an improved wharf for the convenience of vessels and rafts, and that the masters, or owners, of such vessels or rafts *elect to use* such improved wharf, and do, in fact, use it in discharging their cargoes, or in landing and getting out of the water their rafts." *St. Louis v. Schulenburg*, 13 Mo. App. 56, 60. Here the defendant elected *not* to use the improved wharf of the city of Cape Girardeau, and did not use it, but used the natural bank of the river instead; and it was, therefore, not in the power of the city to collect of him wharfage dues under the ordinance.

Nor was a case established by the evidence, either within the terms of the ordinance, or of the plaintiff's statement of its cause of action. The ordinance lays the duty in question upon "each and every boat which shall receive or discharge any freight *at the wharf* of this city." The plaintiff's statement, following in every count the language of the ordinance, charges the defendant with violating the ordinance by "receiving and discharging freight *at the wharf* of the city of Cape Girardeau, and wilfully failing and refusing to pay wharfage dues, as required by the ordinance." And the evidence shows that the defendant never landed his boat at the wharf on any of the days stated.

The judgment will be affirmed. It is so ordered. Rombauer, J., concurs; Lewis, P. J., is absent.